**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 85899-8-I |
| JOSEPH ALLEN CAMPBELL, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

MANN, J. — In this personal restraint petition (PRP), Joseph Campbell argues the Department of Corrections (DOC) violated his procedural due process rights by denying visitation with Krystle Vian, the mother of his child. Because Campbell has no right to visitation with Vian, we deny his PRP.

I

Campbell pleaded guilty to second degree rape of a child in 2003. The sentencing court at first imposed a special sex offender sentencing alternative (SSOSA). The SSOSA was later revoked and the court imposed an indeterminate sentence of 125 months to life. In re Pers. Restraint of Campbell, 27 Wn. App. 2d 251, 253, 533 P.3d 144 (2023). The Indeterminate Sentence Review Board (ISRB) released Campbell from total confinement in 2017, and he began serving a term of community custody under supervision of the ISRB. Campbell, 27 Wn. App. 2d at 253. Campbell's

release was ultimately revoked and he is currently incarcerated. Campbell, 27 Wn. App. 2d at 257.

On January 19, 2021, Campbell was cited with malicious mischief third degree, domestic violence. The alleged victims listed in the citation included Vian. A domestic violence no-contact order protecting Vian was entered at the same time by the Clark County District Court.

On February 9, 2021, an order for protection was issued by the Clark County Superior Court restraining Campbell from contact with Vian for 20 years. The order for protection was terminated at the request of Vian on July 6, 2021.

On July 7, 2021, the DOC denied Vian's application to visit Campbell citing an active no-contact order out of the Clark County District Court, and that Campbell had open criminal charges identifying Vian as the victim. On October 18, 2021, the DOC denied Vian's request that the visitation denial be overturned:

> DOC Policy 450.300, Visits for Incarcerated Individuals, precludes individuals from visitation that are victims of the current or any other previously adjudicated offense. The Department has the discretion to determine if participation in the visit program is appropriate. You do not meet DOC policy requirements for visitation privileges, however telephone contact and email communications are not affected by this decision.

Campbell filed an initial complaint with the DOC challenging the denial. The DOC sent another letter on November 9, 2021, again denying Vian visitation and citing DOC Policy 450.300. On December 8, 2021, a DOC resolution specialist responded to Campbell's complaint upholding the denial. Campbell then filed a level II appeal with the DOC and the DOC affirmed the visitation denial decision. On January 3, 2022, the DOC denied Vian's appeal, citing DOC Policy 450.300. The denial concludes, "The

denial for your visitation privileges is appropriate and stands. All opportunities for appeal have been exhausted and future inquiries submitted by yourself regarding visit privileges will not receive a response." On May 31, 2022, Campbell submitted a level III appeal and the DOC upheld its prior decisions stating that records show Campbell guilty of malicious mischief with Vian as a victim.

Campbell filed a PRP with Division Two of this court on March 9, 2022, arguing that the DOC violated his constitutional rights by denying visitation with his child's mother, Vian. The PRP was referred to a panel and Campbell was appointed counsel. On October 3, 2023, Division Two transferred the case to this division.

Meanwhile, on October 15, 2021, the Clark County District Court rescinded the January 19, 2021 domestic violence no-contact order. On June 3, 2022, Campbell's terms of community custody were modified so that he would have unrestricted contact with his minor child, V.C., including visitation while Campbell is in custody.

On July 12, 2022, Campbell moved to clarify the judgment for the malicious mischief crime arguing that the victim was Campbell's father and not Vian. On July 26, 2022, the district court issued a memorandum of disposition stating: (1) that there was no amended information charging a particular victim at the time of the plea, (2) the charge was amended to non-domestic violence, and (3) no no-contact orders were in place.

On October 12, 2022, Vian petitioned for a temporary restraining order (TRO) against Campbell in Clark County Superior Court. The TRO protected Vian and a minor child. The TRO began immediately and was in effect for 12 months during which time a violation of the TRO was a criminal offense.

II

A petitioner may request relief if they are under unlawful restraint.  RAP 16.4(a).

Restraint is unlawful if "[t]he conditions or manner of the restraint of petitioner are in

violation of the Constitution of the United States or the Constitution or laws of the State

of Washington."  RAP 16.4(c)(6).  Visitation privileges during incarceration are a

condition or manner of restraint.  See In re Pers. Restraint of Dyer, 143 Wn.2d 384, 391,

20 P.3d 907 (2001).  "Where the petitioner has not had a prior opportunity to raise the

issues presented in their request for relief, they 'need not make any threshold showing

of prejudice,' but must instead demonstrate 'that [they are] under an unlawful restraint

as defined by RAP 16.4.'"  In re Pers. Restraint of Becker, 25 Wn. App. 2d 625, 628,

524 P.3d 715 (2023) (quoting In re Pers. Restraint of Stuhr, 186 Wn.2d 49, 52, 375 P.3d

1031 (2016)).

Campbell is under restraint because he is currently incarcerated.  To obtain

relief, Campbell must show that the DOC's denial of visitation with Vian violated the

United States Constitution, the Washington State Constitution, or Washington law.  RAP

16.4(c)(6).

Campbell argues that the DOC violated his due process rights by denying

visitation with his child's mother, Vian.  Campbell asserts that his expectation that DOC

policies will be followed amounts to a state created protected liberty interest.  Campbell

argues that his liberty interest was violated when visitation was denied because the

DOC erroneously applied DOC Policy 450.300 and classified Vian as a victim of his

current offense or any previous offenses.  Campbell relies on Carlo v. City of Chino, 105

F.3d 493 (9th Cir. 1997).

-4-

Due process protects against the deprivation of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1. "Protected liberty interests 'may arise from two sources—the Due Process Clause itself and the laws of the States.'" Dyer, 143 Wn.2d at 392 (quoting Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)). "The due process clause of the federal constitution does not, of its own force, create a liberty interest . . . for it is well settled that an inmate does not have a liberty interest in the denial of contact visits by a spouse, relatives, children, and friends." Dyer, 143 Wn.2d at 392. "The denial of a prisoner's access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence.'" Dyer, 143 Wn.2d at 392 (quoting Thompson, 490 U.S. at 461). Thus, Campbell has no constitutional interest in visits with Vian protected by the due process clause itself.[1]

The DOC is authorized to promulgate rules to carry out its powers and for the government of the institutions under its control. RCW 72.01.090. The Secretary of Corrections is authorized to promulgate standards for the DOC. RCW 72.09.050. "State statutes or regulations can create a due process liberty interest where none otherwise would have existed." Dyer, 143 Wn.2d at 392. But negative implications from mandatory language in prison regulations do not create liberty interests. Dyer, 143 Wn.2d at 393. Instead, "to create a liberty interest, the action taken must be an atypical and significant deprivation from the normal incidents of prison life." Dyer, 143 Wn.2d at 393.

---

[1] "Washington's due process clause does not afford a broader due process protection than the Fourteenth Amendment." Dyer, 143 Wn.2d at 394.

DOC Policy 450.300 recognizes the vital role family plays in providing meaningful connection during confinement. That said, the policy also provides that if "an individual's Judgment and Sentence allows for visitation, visits may be considered but are not guaranteed." And the policy provides that visitation opportunities will be provided for in-person, video, and/or no contact options appropriate based on eligibility and safety of participants. Attachment 1 Eligibility Requirements for Visitors provides that a "victim of the incarcerated individual's current offense(s) or any previous adjudicated offense" is ineligible to visit incarcerated individuals. The policy also provides that a visitor may appeal a visit privilege denial and if opportunities for appeal have been exhausted the visitor may resubmit an application after one year.

Here, there is no mandatory language in DOC Policy 450.300. The policy balances the need for connection with several other considerations including visitor safety. Nothing in DOC Policy 450.300 creates a liberty interest entitling Campbell to visitation with Vian. In fact, the policy explicitly states that visits are not guaranteed. Although denial of visitation may be a hardship, it is not an atypical one. Dyer, 143 Wn.2d at 393.

Although Vian may not be an adjudicated victim of the malicious mischief crime, she separately petitioned for and received an order for protection against Campbell in 2021. Then in 2022, Vian petitioned for a TRO against Campbell. The DOC recognized these cases as domestic violence flags and considers Vian an adjudicated victim of Campbell. In determining visitation privileges, the DOC considers not only a current judgment and sentence, but also an individual's full criminal history, infraction history, visit room behavior, treatment and programming, and any other pertinent factors—such

as a history of domestic violence—to ensure that visitation between the parties is safe. Such a process allows for balancing the importance of family with the safety of visitors and facilities.[2]

We deny Campbell's PRP.

_____
Mann, J.

WE CONCUR:

_____
Díaz, J.

_____
Hazelrigg, A.C.J.

_____

[2] Campbell briefly argues that he has a right to visitation under the First Amendment of the United States Constitution and there is no legitimate penological interest in prohibiting visitation with Vian. Campbell also asserts the denial of visitation violates his right under the Eighth Amendment of the United States Constitution. However, Campbell fails to support these arguments with facts or evidence and relies only on conclusory allegations. Thus, we do not address them. RAP 16.7; In re Pers. Restraint of Monschke, 160 Wn. App. 479, 488-89, 251 P.3d 884 (2010).